Matthew **DLUHY,** Plaintiff–Appellant,

v.

John DOE # 1, Warden Ulster County Jail, et al., Defendants–Appellees.

No. 04–2453–PR.

United States Court of Appeals, Second Circuit.

June 22, 2005.

Matthew Dluhy, Otisville, NY, for Appellant, pro se.

Michael T. Snyder, Maynard, O'Connor, Smith, & Catalinotto, LLP, Saugerties, NY, for Appellee.

Present: WALKER, Chief Judge, CARDAMONE, and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is **VACATED and REMANDED FOR RECONSIDERATION.**

Plaintiff-appellant Matthew Dluhy appeals from the April 1, 2004, judgment of the district court granting summary judgment in favor of defendants-appellees, various Ulster County prison officials, and dismissing Dluhy's civil rights complaint, filed pursuant to 42 U.S.C. § 1983, on the ground that Dluhy failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). In his complaint, Dluhy alleges that he has suffered cruel and unusual punishment in violation of his Eighth Amendment rights as a result of the unsanitary conditions of his prison cell, an assault inflicted upon him by corrections officers, and the denial of medical treatment following the assault. We assume familiarity with the facts and with the issues raised on appeal.

Dluhy argues that (1) his efforts to file informal grievances were sufficient to exhaust his administrative remedies; and (2) the district court erred in denying him leave to file an amended complaint. In addition, Dluhy has moved for appointment of counsel and to be allowed to participate at oral argument by video.

We review the district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins. Co.*, 345 F.3d 154, 165–66 (2d Cir.2003). Summary judgment is appropriate only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A fact is "material" for these purposes if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* We construe a *pro se* litigant's appellate briefs and other pleadings liberally and read such submissions to raise the strongest arguments they suggest, *see Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994), particularly when, as here, the complaint alleges civil rights violations. *See Weixel v. Bd. of Ed.*, 287 F.3d 138, 146 (2d Cir.2002).

In the interim between the district court's Order granting summary judgment in this case and this appeal, this court issued a decision in *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir.2004), instructing district courts to conduct a three-part inquiry in cases "where a prisoner plaintiff plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies as required by the PLRA." Specifically, a district court should ascertain (1) whether administrative remedies were in fact "available" to the prisoner; (2) whether the defendants waived or are estopped from raising an affirmative defense of non-exhaustion of administrative remedies on account of their own actions inhibiting prisoner from filing grievance; and (3) whether there exist any alleged "special circumstances" that would excuse the prisoner's failure to exhaust. *Hemphill*, 380 F.3d at 686; *see, e.g., Giano v. Goord*, 380 F.3d 670, 678 (2d Cir.2004) (holding that prisoner justifiably failed to file ordinary grievance when prisoner reasonably believed that Department of Corrections regulations foreclosed such recourse).

We find that a liberal reading of Dluhy's complaint and proposed amended complaint, together with the district court's Order and Dluhy's arguments on appeal, indicate that he may have attempted to exhaust his administrative remedies. We therefore vacate the judgment and remand to the district court to reconsider its finding that Dluhy failed to exhaust his admin-

istrative remedies pursuant to the standard set forth in *Hemphill.* In addition, we direct the district court to permit Dluhy to move for leave to file an amended complaint and, if Dluhy does so, to determine whether the proposed amended complaint relates back to Dluhy's original pleading. *See* Fed.R.Civ.P. 15(c).

Accordingly, for the foregoing reasons, the judgment of the district court is hereby **VACATED and REMANDED FOR RECONSIDERATION.** Dluhy's motions for appointment of appellate counsel and to participate at oral argument are **DENIED.**